CASE 3—PETITION EQUITY—FEBRUARY 18.

# Grief v. Kahn, &c.

### APPEAL FROM M'CRACKEN COURT OF COMMON PLEAS.

1. REMOVAL OF PARTITION FENCES.—Under section 1, of article 2, chapter 55, General Statutes, which prohibits the removal of a partition fence which exists as such " by agreement or acquiescence," except between the first of December and the first of March next ensuing it is not necessary that the fence should be on the division line, or that it should be partly on the land of each, to make it a partition fence. Nor is it necessary, in order to prevent the removal, that the party complaining should show that any injury would result to him, the statute being intended as an absolute security against any possible injury that might arise from any removal, however short the distance.

2. SAME.—The statute applies as well to partition fences in towns and cities as to partition fences in the country.

3. SAME.—Appellant and appellees owning adjoining lots in a city, and appellees being about to remove a partition fence between the two lots, appellant brought this action to enjoin removal. The fence had been placed, by agreement, on appellees' lot, where it had stood for many years, and appellees were in the act of removing the fence and resetting it about sixteen inches nearer appellant's line, but, as appellees claim, still upon their land. The attempt to remove the fence occurred in the month of November. *Held*—That appellant is entitled to the relief sought, it being immaterial on whose land the fence is now located.

W. D. GREER FOR APPELLANT.

1. The statute contemplates that there shall be no change, however slight, as to the position of a partition fence, without the agreement of the party interested, " except between the first of December and the first of March next ensuing," and the statute applies as well to a town or city as to the country, and also to a fence wholly on the lands of one of the owners, provided it exists by agreement or acquiescence as a partition fence. (General Statutes, page 545, section 1.)

2. The appellant was entitled to an injunction. (Civil Code, section 272; O'Hara v. Johns., 7 Ky. Law Rep., 296; Gates v. Barrett, &c., 79 Ky., 295; Mene v. Horner, 7 Ky. Law Rep., 293; Preston v. Preston, &c., 8 Ky. Law Rep., 634; Hillman v. Hurley, 6 Ky. Law Rep., 682.)

GILBERT & REED and OSCAR KAHN for appellees.

1. The provisions of article 2, chapter 55, General Statutes, have no application to this case. . That statute applies to a fence forming the dividing line between the lands of two or more persons, and not to a fence wholly on the lands of, and belonging exclusively to, one of the owners.

2. The statute does not apply to fences between town or city lots.

The *intention* must be considered in construing a statute. (Potter's Dwarris on Statutes and Constitutions, 144; Broom's Legal Maxims, top page, 152.)

JUDGE BENNETT delivered the opinion of the court.

The appellant and the appellee, Mrs. Kahn, being the owners and in the possession of adjoining lots in the city of Paducah, the appellant brought this action to enjoin the appellees from removing the partition fence between the two lots,

The proof is overwhelming that the appellees, at the time the injunction was obtained, were in the act of taking up this fence and re-setting it about sixteen inches nearer to the appellant's line, if not upon his land. The proof is also overwhelming that the appellees were doing this against the will of the appellant.

The appellees contend that the ground on which the fence stood, before they attempted to take it up, belonged to the appellee, Mrs. Kahn ; and also, that the ground on which they proposed to re-set the fence belonged to Mrs. Kahn, and, therefore, they had the right to remove and re-set the fence. But if the said fence was a partition fence within the meaning of article 2, section 1, chapter 55, General Statutes, then it is wholly immaterial whether the fence was on Mrs. Kahn's ground or not. Said section provides:

" When a partition fence has existed or may hereafter exist by agreement or acquiescence between two

or more persons, neither party shall remove the same without the consent of the others, except between the first of December and the first of March next ensuing."

The second section provides:

"No such change as named in the last section shall be made unless three months' previous notice, in writing, shall be given to the opposite party by the person desiring to make the same."

It appears from the evidence of the appellee, N. Kahn, that he agreed, many years ago, with the former owner of appellant's lot, that the fence should be set where it stood at the time of the attempted removal; and, pursuant to that agreement, the fence was so set and remained down to the time of the death of said owner; that the fence had so remained ever since the appellant purchased the lot, without any agreement authorizing the appellee to remove it. The section *supra* is explicit, that if the partition fence exists by agreement or acquiescence, neither party shall remove it, except between the first of December and the first of March next.

That this fence existed as a partition fence for many years by the agreement of the appellee, N. Kahn, and the former owner, is absolutely clear. That it so existed by the acquiescence of the appellant and the appellees, Kahn and wife, is equally clear. That the attempt to remove the fence occurred in the month of November is admitted.

From the foregoing facts, it is clear that said fence was a partition fence within the meaning of section 1, and that the appellees had no right to remove it.

But it is contended that, inasmuch as the fence

was on the land of Mrs. Kahn, the appellees had the right to remove it. It is not necessary that the fence should be on the division line, or that it should be partly on the land of each, to make it a partition fence. The inquiry is, was the fence, whether on the land of either party, intended by agreement or acquiescence as a partition fence? If yes, then the statute says that it shall not be removed, except in the manner therein provided.

Also, if the fence is taken up for the purpose of re-setting it at another place, however short the distance, the statute is violated; its language is, that the fence shall not be removed; and a removal of a few inches may seriously affect the rights of the other party. And while the removal and re-setting, in an individual case, although at a short distance, may not affect the rights of the other party, yet the statute was intended to give absolute security against any possible injury that might arise from the removal; it is best, therefore, to enforce its provisions in all cases, without an inquiry into the fact as to whether either party will or will not be injured by the removal.

Also, it is contended that the section *supra* was intended to apply to partition fences in the country, and not to partition fences in towns and cities. The statute does not so read; its language applies to all partition fences, whether in the country, or towns or cities, and we see no reason for making the distinction. On the contrary, there are many good reasons for applying it, as its language clearly indicates, to partition fences in towns and cities as well as in the country.

The judgment of the lower court is reversed, and the case is remanded with directions to reinstate the injunction and sustain it. The question as to the ownership of the particular strip of ground need not be adjudicated.

| 87 | 21 |
| 95 | 131 |

| 87 | 21 |
| e107 | 295 |

| 87 | 21 |
| 126 | 56 |

CASE 4—PETITION EQUITY—FEBRUARY 23.